IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LEANDRO A. MARTINEZ-VIZCARRONDO (15)<br><br>Defendant. | CRIMINAL NO. 16-440 (PAD) |

MEMORANDUM AND ORDER

Delgado-Hernández, District Judge.

Before the court is the government's request to revoke the U.S. Magistrate Judge's release order and that defendant be detained pending trial (Docket No. 101). For the reasons explained below, defendant shall be detained without bail pending trial.

### I.     BACKGROUND

On July 12, 2016, the defendant, Leandro A. Martínez-Vizcarrondo, was charged with participating in a drug trafficking conspiracy from in or about 2009 (Docket No. 3). The object of the charged conspiracy was the large scale distribution of controlled substances at the Sabana Abajo Public Housing Project, located within the Municipality of Carolina Puerto Rico, for significant financial gain and profit. Defendant is charged with conspiracy to possess with intent to distribute and/or distribution of controlled substances, to wit: cocaine base (commonly known as crack), heroin, cocaine, and marijuana, within 1,000 feet of a real property comprising a public or private school and/or playground, in violation of 21 U.S.C. §§ 841(a)(1), 846 and 860. Martínez is also charged with possession of firearms in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(C)(1)(A) (Docket No. 3).

United States of America v. Leandro A. Martínez-Vizcarrondo
Criminal No. 16-440 (PAD)
Memorandum and Order
Page 2

On July 20, 2016, U.S. Magistrate Judge Bruce J. McGiverin presided over the arraignment and detention hearing, during which the United States moved for defendant's detention (Docket No. 67). At the conclusion of the hearing, the Magistrate Judge denied the government's request, setting the following conditions of release: bail in the amount of $10,000 (with only $5,000 secured), a third-party custodian, curfew, plus other standard conditions (Docket No. 67). He further ordered that defendant shall not reside or visit the Housing Project mentioned in the Indictment. Id.

The day after, the government filed an emergency motion requesting a stay of the Magistrate Judge's order, and for a *de novo* bail hearing (Docket No. 71). The court granted the government's motion, stayed defendant's release pending *de novo* review, and scheduled a *de novo* bail hearing (Docket No. 72). The hearing was held on July 27, 2016 (Docket No. 101). The parties argued their positions. The government proceeded via proffer. Based on the information received during the hearing, the court ordered that defendant remain under custody pending further record review (Docket No. 101).

## II.     STANDARD OF REVIEW

The Bail Reform Act of 1984, 18 U.S.C. §§ 3141-3156, permits detention of a defendant pending trial if no condition or combination of conditions will reasonably assure the appearance of the person as required or the safety of any other person and the community. 18 U.S.C. §§ 3142(b) and (e). The government must establish risk of flight by a preponderance of the evidence; and/or dangerousness by clear and convincing evidence. United States v. Mercedes, 254 F.3d 433, 436 (2d Cir. 2001); United States v. Gebro, 948 F.2d 1118, 1121 (9th Cir. 1991).

Where probable cause is found to believe that a defendant has committed a crime listed or in the circumstances set forth in 18 U.S.C. § 3142(e), a rebuttable presumption arises that no

conditions or combination of conditions exist that will reasonably assure the appearance of the defendant and the safety of the community. A grand jury indictment on a covered offense is enough to demonstrate probable cause for purposes of triggering the presumption. United States v. Vargas, 804 F.2d 157, 163 (1st Cir. 1986); United States v. Holland, 922 F.Supp.2d 70, 71 (D.D.C. 2013).

Once triggered, the presumption imposes on the defendant a burden of production. United States v. O'Brien, 895 F.2d 810, 814-815 (1st Cir. 1990). The burden is not heavy. United States v. Stone, 608 F.3d 939, 946 (6th Cir. 2010). It is satisfied introducing at least some evidence contrary to the facts presumed. Id. Rebuttal evidence does not burst or destroy the presumption, which does not disappear, maintaining evidentiary weight. United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991); O'Brien, 895 F.2d at 814-815.

The government retains the burden of persuasion throughout, in both presumption and non-presumption cases. Stone, 608 F.3d at 946; Bess, 678 F.Supp.929 at 932. Review of a magistrate judge's release order is *de novo*. United States v. Tortora, 922 F.2d 880, 883 n.4 (1st Cir. 1990). The court must state in writing the reasons for the action taken. United States v. Moss, 887 F.2d 333, 338 (1st Cir. 1989); O' Brien, 895 F.2d at 813.

### III.  DISCUSSION

**A. Presumption**

The statutory presumption applies here. As previously mentioned, it is triggered in connection with offenses listed in 18 U.S.C. § 3142(e). These include offenses with a maximum term of imprisonment of 10 years or more under the Controlled Substances Act, 21 U.S.C. § 801 et seq.; the Controlled Substances Import and Export Act, 21 U.S.C. § 951 et seq.; the Marine Drug Law Enforcement Act, 46 U.S.C. App. 1901 et seq. See, Section 3142(f)(1)(C); and 18 U.S.C.

924(c)(use of firearm in crime of violence or in drug trafficking crime).[1]  Defendant has been charged with:

1. Conspiracy to possess with intent to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(I), 846 and 860 (Count I), and more specifically, to possess with intent to distribute two-hundred and eighty grams or more of a mixture or substance containing a detectable amount of cocaine base (crack), a Schedule II Narcotic Drug Controlled Substance; one kilogram or more of a mixture or substance containing a detectable amount of heroin, a Schedule I Narcotic Drug Controlled Substance; five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Narcotic Drug Controlled Substance; one hundred kilograms or more of a mixture or substance containing a detectable amount of marijuana, a Schedule I Controlled Substance, all within one thousand feet of the real property comprising the Sabana Abajo Public Housing Project, a housing facility owned by a public housing authority, and other areas nearby and within the Municipality of Carolina, Puerto Rico;

---

[1] Other offenses triggering the presumption include offenses under 18 U.S.C. § 956(a)(conspiracy to kill, kidnap, maim, or injure persons or damage property in a foreign country), or 18 U.S.C. § 2332(b) (acts of terrorism transcending national boundaries); an offense listed in 18 U.S.C. § 2332(b)(5)(B)(federal crime of terrorism) for which a maximum term of imprisonment of 10 or more years is prescribed; an offense under Chapter 77 of 18 U.S.C. ("Peonage, Slavery, and Trafficking in Persons"), for which a maximum term of imprisonment of 20 years or more is prescribed; or an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252(A)(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425 (kidnapping, sex trafficking sexual abuse, abusive sexual contact, sexual exploitation, selling or buying of children, certain child pornography offense, and transportation for illegal sexual offenses and related crimes).  18 U.S.C. § 3142(e)(3).  The presumption is also triggered when the judicial officer finds that a defendant charged with a crime listed in § 3142(f) was previously convicted for a similar crime while on release pending trial and no more than 5 years has elapsed since the conviction or release from imprisonment for that prior offense.  18 U.S.C. § 3142(e)(2).  For those purposes, qualifying offenses include crimes of violence under 18 U.S.C. § 3156(a)(4); a violation of 18 U.S.C. § 1591 ("Sex trafficking of children or by force, fraud or coercion"); offenses listed in 18 U.S.C. § 2332(B) (acts of terrorism transcending national boundaries) for which a maximum term of imprisonment is 10 years or more is prescribed; and an offense for which the maximum sentence is life imprisonment or death; an offense for which a maximum term of imprisonment of 10 years or more is prescribed under the Controlled Substances Act, 21 U.S.C. § 801 et seq., the Controlled Substances Import and Export Act, 21 U.S.C. § 951 et seq., or the Marine Drug Law Enforcement Act, 46 U.S.C. App. 1901 et seq.; any felony if the person has been convicted of 2 or more of the described offenses or 2 or more equivalent State or local offenses or a combination of such offenses; or any felony that is not otherwise a crime of violence that involves a minor victim, or possession or use of a firearm or destructive device, or any other dangerous weapon; and failure to register under 18 U.S.C. § 2250 in connection with the Sex Offender Registration and Notification Act.  18 U.S.C. § 3142(e)(2).  In turn, these offenses serve to justify detention under 18 U.S.C. § 3142(e)(1).

2. Aiding and abetting in the possession with intent to distribute heroin in violation of 21 U.S.C. §§ 841(a)(I), (b)(1)(A) and 860, and 18 U.S.C. § 2 (Count II);

3. Aiding and abetting in the possession with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(I), (b)(1)(A) and 860, and 18 U.S.C. § 2 (Count III);

4. Aiding and abetting in the possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(I), (b)(1)(A) and 860, and 18 U.S.C. § 2 (Count IV);

5. Aiding and abetting in the possession with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(I), (b)(1)(B) and 860, and 18 U.S.C. § 2 (Count V); and,

6. Possession of a firearm in furtherance of drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A).

In line with the Indictment, conspiracy to possess with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine is considered a drug trafficking crime. Hazime v. I.N.S., 19 F.3d 18, 1 (6th Cir. March 18, 1994). It carries the penalty of the substantive offense, to wit: a term of imprisonment of not less than 10 years. United States v. Twine, 385 Fed.Appx. 27, 28-29 (2d Cir. July 14, 2010). As such, it is an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act, 21 U.S.C. § 801 et. seq., and thus, activates the presumption of dangerousness and risk of flight set in 18 U.S.C. § 3142(e)(3). See, Twine, 385 Fed.Appx. at 29 (so noting). Similarly, the penalties associated with the other drug counts, except marijuana (Count V), entail penalties of not less than ten (10) years.

Defendant pointed to what may be described as weaknesses in the government's proffer, and to elements in his personal characteristics that, in his view, lay out a combination of conditions justifying release (Transcript at p. 4, line 20 and p. 5, line 22). What he put forward may not be

sufficient to successfully rebut the presumption. Nevertheless, given that his burden is one of production and it is not heavy, the court will assume the presumption has been rebutted and by extension, that it retains evidentiary weight to be evaluated along with the criteria set forth in 18 U.S.C. § 3142(g), discussed below.

### B. Detention Factors

1. Nature and Circumstances of Offenses

Defendant has been identified as a drug point owner, supplier, and leader in the drug trafficking organization involved in this case (Transcript at p. 2, lines 6-13). During his arrest, $270,000.00 in vacuum sealed bundles were seized from his closet. Id. at p. 2, lines 9-13; p. 14, lines 13-20. He possessed a firearm (GLOCK 23, caliber .40, serial number ZAC845)(Pretrial Services Report at p. 3). Even though he has a license to possess -not carry- firearms (id. at p. 9, lines 2-10), he has been charged with possession of the firearm in furtherance of a drug trafficking crime for which a person may be prosecuted in a court of the United States as charge in counts One through Five of the Indictment in violation of 18 U.S.C. 924(c)(1)(A). Moreover, he was observed carrying firearms (Transcript at p. 3, lines 4-8). If convicted, he faces a minimum of ten years for the drug offenses and five years for the firearm offense. The offenses charged, the circumstances of the crime, and the statutory exposure underpinning it favor detention.[2]

2. Weight of Evidence

The government proffered that three witnesses will testify that defendant acted as a drug point owner, supplier, and leader (Transcript at p. 2, lines 6-8 and p. 14, lines 17-25). In addition, one witness will testify that he saw the defendant carrying firearms. Id. at p. 3 lines 2-8. The

---

[2] For present purposes, the court is entitled to rely on maximum statutory terms of imprisonment. Moss, 887 F.2d at 336.

witnesses have firsthand knowledge of the events.  Id. at p. 15, lines 12-20.  Defendant argued that the witnesses are snitches, people who were part of a gang, who are prone to have a very long sentence for drug trafficking, and are cooperating to lower their sentences.  Id. at p. 16, lines 14-23.

But those are issues for trial.  For purposes of bail determination, there is no evidence inconsistent with a finding of guilt.  See, United States v. Gray, 529 F.Supp.2d 177, 181 (D.Mass. 2007)(so noting in rejecting claim that weight of evidence was weak).  Compare that situation with the one evaluated in United States v. Torres-Rosario, 600 F.Supp.2d 327, 334 (D.P.R. 2009), where the only witness against the defendant failed to identify him in court during the bail hearing even though he was the only person in the courtroom dressed in an inmate jumpsuit and was sitting at the defense counsel table next to his attorneys.  Therefore, this factor favors detention.

3.  History and Characteristics of the Defendant

Defendant is thirty-two years of age (Pretrial Services Report at p. 1).  He has a high school diploma, and completed a computer certification course from Instituto de Banca y Comercio in Puerto Rico.  Id. at p. 2.  He had never been arrested, is employed in an auto body shop, has worked in the same shop since 2006, files tax returns, and has lived with his aunt (a nurse) outside the housing project for at least ten years (Transcript at p. 4, line 20; p. 5, line 17; and p. 6, lines 11-17).  He denied substance abuse history and/or treatment (Pretrial Services Report at p. 3).[3]  He has a passport, does not speak English, and has never traveled outside of the United States.[4]  Together, these elements tend to favor release.

---

[3] That said, he tested positive to cocaine in a urinalysis test.  The Pretrial Services Report states otherwise.  See page 3.  During the de novo hearing the Probation Officer pointed out that she made a mistake in that regard, producing copy of the report with the positive result (Transcript at p. 17, line 4 and p. 22, line 25).

[4] It is unclear whether he has traveled to the United States, and if so, under what circumstances.

    4.   <u>The Danger Posed to the Community by Defendant's Release</u>

Defendant's role was that of drug-point owner, supplier and leader in the drug traffic organization. Drug offenders pose a special risk of dangerousness to society. <u>United States</u> v. <u>Lattner</u>, 23 Fed. Appx. 363, 364 (6th Cir. 2001); <u>United States</u> v. <u>Leon</u>, 766 F. 32d 77, 81 (2d Cir. 1985). The drug charges are "further aggravated by the weapons charge against the defendant." <u>United States</u> v. <u>Vega Sosa</u>, 2011 WL 693606, *2 (D.P.R. Feb. 24, 2011). To that end, defendant carried firearms in the conspiracy (<u>id.</u> at p. 3 lines 2-8), and practiced with a GLOCK in a gun club, <u>Id</u>. at p. 15, line 22 and p. 16, line 13, making him familiar with use of at least that type of firearm. Those factual criteria point to detention.

    5.   <u>Interaction of Detention Factors</u>

The elements related to a defendant's history and characteristics are ostensibly targeted at establishing the defendant's likelihood to flee. However, the language introducing the list of factors to be considered by a court when reviewing a detention order refers both to reasonably assuring appearance and safety. So there is an inherent ambiguity as to whether each of the factors listed is declared to be relevant to both appearance and safety. <u>See</u>, <u>Torres-Rosario</u>, 600 F.Supp.2d at 334 (D.P.R. 2009)(so recognizing).

In the same way, while certain factors – such as the nature of the crime and weight of the evidence – may more naturally focus attention on dangerousness rather than appearance, the seriousness of the charge and the strength of the evidence can create a strong incentive for a defendant's flight. <u>Id</u>. That is the situation here, as defendant faces a minimum of fifteen years of imprisonment for the drug and firearm offenses, the prospect of which could surely create a motive to flee. For that reason, these factors neutralize the aspects of defendant's personal history and characteristics favoring release, to the point of tilting the balance toward detention.

Defendant's aunt was proposed as third-party custodian. But defendant was residing with her when he decided to embark on the course of conduct that led to his arrest. The amount of money seized during defendant's arrest suggests access to significant amount of cash that could facilitate his possible escape from the jurisdiction. The drug trafficking activity the defendant has been linked to and his connection to firearms, generate a degree of dangerousness to the community that the court cannot responsibly overlook in assessing whether defendant should be granted bail.

### IV.     CONCLUSION

Having carefully considered all the evidence as well as the available range of release conditions, the court concludes that the government has shown, by preponderance of the evidence, that no condition or combination of conditions will reasonably ensure defendant's appearance in court; and by clear and convincing evidence, that no condition or combination of conditions will assure the safety of the community if defendant is released.

The nature and circumstances of the offenses charged, including potential penalty; the weight of the evidence; and danger to the community outbalance other elements in defendant's personal and history and characteristics arguably supporting release even under the conditions that the Magistrate Judge set at Docket No. 67. The evidentiary weight of the rebutted presumption (assuming it was so rebutted), lends added support for this conclusion. In consequence, the defendant shall be detained without bail pending trial.

**SO ORDERED.**

In San Juan, Puerto Rico, this 4th day of August, 2016.

s/Pedro A. Delgado-Hernández
PEDRO A. DELGADO-HERNÁNDEZ
United States District Judge